TUANA`ITAU TUIA, for himself and Member of the TUANA`ITAU
FAMILY, Plaintiffs/Counter-Defendants,

v.

NU`U LEOMITI and Members of the LEOMITI FAMILY,
Defendants/Counterclaimants/Cross-Claimants,

v.

TOLUAO SEUTA`ATIA and Members of the TOLUAO FAMILY,
Cross-Defendants.

---

FILIPELE LETU LEOMITI, for Himself as Senior Matai and on
behalf of the LEOMITI FAMILY, Plaintiffs,

v.

SEUTATIA TOLUAO, Defendant.

---

MINA THOMPSON and MOANANU VA, and on behalf of the
MOANANU FAMILY, Intervenors/Objectors.

---

LEFOTU TUILESU, Necessary Party.

High Court of American Samoa
Land and Titles Division

LT No. 19-98
LT No. 19-95

April 5, 2004

Before RICHMOND, Associate Justice, and ATIULAGI, Associate Judge.

Counsel: For Defendants/Counterclaimants/Cross-Claimants Nu`u Leomiti and Leomiti Family, and Plaintiffs Filipele Leiu Leomiti and Leomiti Family, Arthur Ripley, Jr.
For Plaintiffs/Counter-Defendants Tuana`itau Tuia and Tuana`itau Family, and Cross-Defendants Toluao Seuta`ata and Toluao Family, S. Salanoa Aumoeualogo
For Intervenors/Objectors Mina Thompson, Moananu Va, and Moananu Family, Katopau T. Ainu`u
For Necessary Party Lefotu Tuilesu, *Pro se*

## ORDER APPOINTING SURVEYOR

The Court's opinion and order in these consolidated actions was entered on October 1, 2003. The decision necessarily left outstanding certain survey issues. The parties were given 30 days to agree upon a surveyor, division of costs, and other necessary conditions for the additional survey work. In due course, we were advised that the parties were unable to reach an agreement on these matters. We therefore scheduled and, on March 25, 2004, held a hearing to appoint an appraiser. All counsel were present.

■ The basic issue determined by the October 1 decision was the location of a parcel of land—adjudicated and divided into three parts, respectively owned as communal land by the Toluao, Tuana`itau, and Leomiti families, in LT No. 40-80—which was necessitated by faulty original survey work. We held that the parcel designated as Plot B in the October 1 decision was the land actually adjudicated in the earlier case. We could not precisely divide Plot B into the three adjudicated parcels— approximately two acres owned by the Toluao family, approximately six acres owned by the Tuana`itau family, and the remaining area, approximately five and one-half acres, owned by the Leomiti family— without additional survey of the internal boundaries based on the surveyed perimeter of Plot B. We therefore left the division open pending completion of this additional survey work.

■ Likewise, we were unable to resolve on the evidence presented potentially conflicting overlaps at the northern end of the Leomiti portion of Plot B with the registered surveys of the neighboring Moananu/Thompson 2.803 acres and 0.657 of an acre of land individually owned by Lefotu Tuilesu ("Lefotu") without additional survey work. We therefore also left this determination open pending completion of this work. Lefotu is not a party to these actions. Now, he is a necessary party for the reasons specifically set forth in T.C.R.C.P. 19(a), that is, without Lefotu's joinder: (a) complete relief cannot be

accorded with only the present parties; and (b) his ability to protect his land interest is practically impaired. Lefotu will therefore be joined at a necessary party to adjudicate the open issues.

The licensed surveyor most familiar with the entire area and the issues involved in these actions is Lawrence P. French ("French"), the surveyor who established the location of Plot B. Although French was employed by the Leomiti family to support its claims, his professionalism as a surveyor will override any advocacy role he undertook in this capacity. He is quite capable of neutrally and objectively performing the post-trial surveying required by the Court, and we fully expect him to expertly provide the additional information we need to determine the open issues.

## Order

1. Lefotu is joined as a necessary party to the full adjudication of any open issues. The Marshal of the Court shall deliver personal service of a copy of this order on him.

2. French is appointed to survey, based on Plot B's outer boundaries, the actual boundaries within Plot B between the three internal parcels owned by the Toluao, Tauana`itau, and Leomiti families, sized in accordance with the Court's decision in LT No. 40-80, and at the northern end of the Leomiti parcel the actual external boundaries, whether or not the lands overlap, of the Leomiti parcel and the registered Moananu/Thompson 2.803 acre and Lefotu 0.657 of an acre parcels. French shall complete this additional survey work within 180 days of the entry of this order, unless the Court grants a requested extension of this deadline.

3. Upon receiving French's additional survey work, the Court will schedule a hearing to establish the further proceedings that may be necessary to resolve any open issues then revealed.

4. French shall submit to the Court a statement of his professional fees and expenses incurred in carrying out this order. The statement shall include a breakdown of the fees and expenses between: (a) the survey of the internal boundaries of the three parcels within Plot B; and (b) the survey of boundaries of the Leomiti parcel and the adjoining Moananu/Thompson and Lefotu parcels at the northern end of the Leomiti parcel. The Court will then approve the amount of the fees and costs to be paid and equitably apportion payment of the approved amount among the parties after a hearing on the issue.

5. All parties shall fully cooperate with French in his surveying endeavors. They, their officers, agents, servants, employees, and attorneys, and those persons in active concert and/or participation with them, including all members of their respective families, are enjoined

from preventing or in any other manner interfering with French while he performs in compliance with this order his surveying duties, whether in the field or elsewhere.

It is so ordered.